[Cite as *State v. Winters*, 2012-Ohio-2713.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| KIRK E. WINTERS | : | Case No. 12-CA-18 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 92CR18489


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    June 14, 2012


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

KENNETH W. OSWALT                KIRK E. WINTERS, #254-678
20 South Second Street              Madison Correctional Institution
4th Floor                                    1851 State Route 56
Newark, OH  43055                    P.O. Box 740
                                                 London, OH  43140

*Farmer, J.*

{¶1} On January 6, 1992, the Licking County Grand Jury indicted appellant, Kirk Winters, on one count of aggravated murder in violation of R.C. 2903.01 and one count of aggravated robbery in violation of R.C. 2911.01. On April 28, 1992, appellant pled no contest to the charges. By judgment entries filed same date, the trial court sentenced appellant to an aggregated term of life in prison with parole eligibility after twenty years.

{¶2} On October 20, 1997, appellant filed a motion to withdraw his pleas. By judgment entry filed November 12, 1997, the trial court denied the motion. Appellant appealed and this court affirmed the trial court's decision. *State v. Winters,* July 20, 1998, Licking App. No. 97CA144.

{¶3} On December 21, 2011, appellant filed a second motion to withdraw his pleas. By judgment entry filed February 9, 2012, the trial court denied the motion.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "NO FINDING OF FACTS OR CONCLUSION OF LAW."

II

{¶6} "STATE CLAIMED UNDUE DELAY."

III

{¶7} "TRAIL (SIC) COURT ERROR (SIC) IN DENYING AN EVIDENTIARY HEARING FOR DEFENDANT."

IV

{¶8}   "TRIAL COURT ERROR (SIC) IN NOT REVIEWING THE RECORDS OF THE DEFENDANT'S CRIM.R. 11 PROCEEDINGS."

I, II, III, IV

{¶9}   Appellant challenges the trial court's denial of his Crim.R. 32.1 motion to withdraw his no contest pleas.  We disagree.

{¶10}  Specifically, appellant claims the trial court should have filed findings of facts and conclusions of law, should not have considered the issue of undue delay, should have afforded him an evidentiary hearing, and should have reviewed the record and transcript of his plea hearing.

{¶11}  Crim.R. 32.1 governs withdrawal of guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  "[U]nder such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.***The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment."  *State v. Smith* (1977), 49 Ohio St.2d 261, 264.  (Citations omitted.)

{¶12}  "Although the rule itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged

cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Id.

{¶13} The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *Smith,* supra. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶14} Appellant's December 21, 2011 second motion to withdraw his pleas was made almost twenty years after his April 28, 1992 pleas and sentencing. Appellant based his claim for the right to withdraw his pleas on the fact that his trial counsel informed him that he would be "out in 14 years or less with good time," but at his November 2011 parole board hearing, he learned that he would not be eligible to be released. Appellant argues these facts equate to a manifest injustice and he should have been permitted to withdraw his pleas.

{¶15} Appellant first filed a motion to withdraw his pleas on October 20, 1997, citing the following reason:

{¶16} "1) Defendant pleaded no contest to the charges of aggravated murder and aggravated robbery and was induced to do so by a false promise of counsel. Counsel promised that because the trial court abused its discretion when it failed to suppress Defendant's statement he would appeal and Defendant would be granted a new trial without his statement being used against him at that trial."

{¶17} The trial court denied the motion on November 12, 1997. Appellant appealed and this court affirmed the trial court's decision, finding the record contradicted appellant's allegations. *State v. Winters,* July 20, 1998, Licking App. No. 97CA144.

{¶18} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Based upon this doctrine, appellant's Crim. R. 32.1 motion should have been summarily denied.

{¶19} Furthermore, we disagree with appellant's argument that the trial court did not do findings of fact and conclusions of law as the February 9, 2012 judgment entry adopted the arguments as set forth in the state's January 3, 2012 response regarding undue delay and the lack of evidentiary materials in support of the motion.

{¶20} The issue of undue delay was correctly considered given the fact that the trial court had previously ruled on the same motion in 1997.

{¶21} There is no requirement for a hearing when sufficient evidentiary facts via affidavits are not advanced by appellant. *State v. Knowles,* Cuyahoga App. No. 95239, 2011-Ohio-1685.

{¶22} Lastly, as for appellant's argument that the trial court did not review the record and the transcript of the plea hearing, we find a complete transcript of the hearing is contained in the record. During the hearing, the trial court specifically addressed the sentences for the charges as follows:

{¶23} "THE COURT: On the charge of aggravated murder, the maximum sentence - - actually the only sentence is life in prison with the possibility of parole only after having served 20 years in prison; do you understand that?

{¶24} "THE DEFENDANT: Yes.

{¶25} "THE COURT: Do you also understand that the maximum sentence on the charge of aggravated robbery is 10 years, to an in - - an indeterminate sentence of 10 years to 25 years in prison; do you understand that?

{¶26} "THE DEFENDANT: Yes.

{¶27} "THE COURT: And that there's a fine on the murder case of up to $25,000, and that there is a fine on the aggravated robbery charge of up to $10,000; do you understand that?

{¶28} "THE DEFENDANT: Yes.

{¶29} "THE COURT: Do you understand that the sentences imposed can run consecutively with each other, that is that you can be required to serve one and then begin serving the other?

{¶30} "THE DEFENDANT: Yes." April 28, 1992 T. at 18-19.

{¶31} In its judgment entries filed April 28, 1992, the trial court sentenced appellant as follows:

{¶32} "[Count I] The Defendant being before the Court, and having been inquired of by the Court as to whether the Defendant had anything to say in mitigation of sentence, it is the SENTENCE AND JUDGMENT OF THE COURT THAT: Defendant is sentenced to life in prison with eligibility for parole after serving twenty years and the Defendant is given credit for prior jail time in the sum of _____ days. The sentence

imposed herein shall be served concurrently with the sentence in Count II of this indictment. The Defendant is ordered to pay the costs of this action in the sum of $\_\_\_\_\_, for which sum, judgment and execution is awarded. The sentence is to be served at Orient Correctional Facility. No fine is imposed.

{¶33} "[Count II] The Defendant being before the Court, and having been inquired of by the Court as to whether the Defendant had anything to say in mitigation of sentence, it is the SENTENCE AND JUDGMENT OF THE COURT THAT: Defendant is sentenced to an indeterminate term of 10 to 25 years at the Orient Correctional Facility and the Defendant is given credit for prior jail time in the sum of \_\_\_\_ days. The sentence is to be served concurrently with Count I of this indictment. The Defendant is ordered to pay the costs of this action in the sum of $\_\_\_\_\_, for which sum, judgment and execution is awarded. No fine is imposed."

{¶34} There is no indication that the trial court did not review the transcript in denying appellant's second motion to withdraw his pleas. In addition, as the above cited section of the change of plea hearing transcript demonstrates, appellant was advised that he would not be eligible for parole until after twenty years had lapsed.

{¶35} Upon review, we find the trial court did not err in denying appellant's second motion to withdraw his pleas.

{¶36} Assignments of Error I, II, III, and IV are denied.

{¶37} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.


s/Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ W. Scott Gwin_____

JUDGES


SGF/sg 511

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KIRK E. WINTERS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-18 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

s/Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ W. Scott Gwin_____

JUDGES